LAW OFFICES OF ROBERT A. ESPINOSA, APC
ROBERT A. ESPINOSA, ESQ., State Bar No. 56961
1041 State Street
El Centro, California 92243
(760) 353-1410
(760) 353-1457
bobesp@sbcglobal.net

LAW OFFICES OF HORACIO BARRAZA
HORACIO BARRAZA, ESQ., State Bar No. 176960
1950 Fifth Avenue, Suite 200
San Diego, California 92101
(619) 239-3225
(619) 702-5592
hbarraza@barrazalawfirm.com

Attorneys for PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LOPEZ, | CASE NO. '14CV0975 LAB JLB |
| Plaintiff, | |
| vs. | PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES |
| UNITED STATES OF AMERICA, ALBERT ESPINOZA, AND NATHAN PARKER, | |
| Defendants. | DEMAND FOR JURY TRIAL |

1

Plaintiff, Jesus Lopez,' Complaint for Personal Injuries and Demand for Jury Trial

Plaintiff, JESUS LOPEZ, hereby alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant, UNITED STATES OF AMERICA, to seek redress for personal injuries and damages caused by the negligence and wrongful acts of employees of said Defendant, UNITED STATES OF AMERICA, while acting within the course and scope of their office and/or employment with said Defendant, UNITED STATES OF AMERICA. Plaintiff alleges that Defendant's employee's conduct resulted in damages to his person. The Plaintiff further brings this action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) against Border Patrol Agents, ALBERT ESPINOZA and NATHAN PARKER, employees of Defendant, UNITED STATES OF AMERICA, for violation of Plaintiff's constitutional rights.

2. At all times herein mentioned, the conduct of Defendant, UNITED STATES OF AMERICA, was such that if Defendant was a private individual, it would be liable to Plaintiff, JESUS LOPEZ, in accordance with the laws of the State of California.

## THE PARTIES

3. At all times herein mentioned, Plaintiff, JESUS LOPEZ, was, and now is, a citizen of the UNITED STATES OF AMERICA.

2

Plaintiff, Jesus Lopez,' Complaint for Personal Injuries and Demand for Jury Trial

4. Plaintiff, JESUS LOPEZ, is, and at all times herein mentioned was, a resident of the City of El Centro, County of Imperial, California.

5. The Defendant, UNITED STATES OF AMERICA, is a sovereign governmental entity which has been engaged in, among other things, controlling access into its sovereign territory, and preventing entry of undocumented persons and illegal controlled substances. The Defendant, UNITED STATES OF AMERICA, performs these activities by and through its agencies, the United States Bureau of Customs and Border Protection, the United States Border Patrol and/or the Immigration and Customs Enforcement Service. The Defendant, UNITED STATES OF AMERICA, has waived its sovereign immunity and has consented to be sued pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec.'s 1346(b) and 2671-2680.

6. At all times herein mentioned, the Defendants, ALBERT ESPINOZA and NATHAN PARKER were Border Patrol Agents working as investigative or law enforcement officers as defined in 28 U.S.C. Sec. 2680(h) of the United States Bureau of Customs and Border Protection, the United States Border Patrol and/or the Immigration and Customs Enforcement Service, an agency of the United States, and acting within the course and scope of their employment with Defendant, UNITED STATES OF AMERICA. Defendants, ALBERT ESPINOZA and NATHAN PARKER, are sued in their individual capacity for violations of

Plaintiff's rights guaranteed by the Fourth, Fifth, and Eighth Amendments to the United States Constitution and by Article I, Sec. 1, of the California Constitution.

## JURISDICTION

7. The jurisdiction of this Court, as to the Plaintiff's claim against Defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, is based upon 28 U.S.C. Sec. 1346(b) and 2671-2680. An administrative claim for damages against the Defendant United States Bureau of Customs and Border Protection and/or the United States Border Patrol, was filed by and on behalf of Plaintiff, JESUS LOPEZ. Defendant, UNITED STATES OF AMERICA, denied Plaintiff's claim on October 29, 2013. A copy of the rejection of said claim is attached hereto as Exhibit "A."

8. Jurisdiction against Defendants, ALBERT ESPINOZA and NATHAN PARKER, in their individual capacity for violation of Plaintiff's constitutional rights is based on 28 U.S.C. Sec.s 1331, 1332 and 1367(a), <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and its progeny.

## VENUE

9. The acts and occurrences that form the basis of this Complaint occurred in the Southern District of California. Jurisdiction is invoked by 28 U.S.C. Sec. 1391(a)(b)(d)(e)(1)(2); and 28 U.S.C. Sec. 1402(b).

## GENERAL ALLEGATIONS

10.   On May 11, 2012, at approximately 12:50 a.m., Plaintiff, JESUS LOPEZ, was driving his KIA on Highway 111, in the City of Imperial, County of Imperial, California.  When the Plaintiff turned onto westbound Aten Road from Highway 111, another vehicle began following the Plaintiff's KIA.  The driver of the other vehicle got up close to Plaintiff's vehicle and appeared to have his high beams on.  At that time, believing that the driver wanted to pass him and/or concerned given that the other driver had his high beams on, the Plaintiff moved over to one side of the road.  When he did, the vehicle also moved over and continued to follow the Plaintiff's vehicle.  This happened numerous times.

11.   When the Plaintiff reached the intersection of Aten and Imperial Avenue, the Plaintiff's vehicle and the vehicle following him were intercepted and stopped by a City of Imperial Police patrol vehicle.  At that time, the Plaintiff was questioned by the Imperial Police officers about driving under the influence of alcohol.  The Plaintiff advised the officers that he was a diabetic and did <u>not</u> drink.  He also advised the officers that he was a retired Imperial County Deputy Sheriff.  The Plaintiff was ordered out of the vehicle and to provide his driver's license.  The Plaintiff complied.  The Plaintiff also told the officers that he was <u>not</u> weaving, he had moved over because the vehicle behind him had his high beams on.  Another Imperial Police patrol vehicle arrived at the scene.  When the Plaintiff requested to

speak to a supervisor, he was advised by one of the officers that he was the supervisor. The officers then advised the Plaintiff that they wanted to perform a field sobriety test. When the Plaintiff told them that he would not participate in the tests, the officers began severely beating him without any legal or factual justification and/or excuse. During the beating, Defendants, ALBERT ESPINOZA and NATHAN PARKER, arrived at the scene and without knowing the circumstances or conducting their own investigation, also began severely beating the plaintiff without any legal or factual justification and/or excuse.

12. As a proximate result of the conduct of the Defendants, ALBERT ESPINOZA and NATHAN PARKER, Plaintiff sustained the injuries and damages as alleged herein.

13. As a proximate result of the conduct of Defendants, Plaintiff was subjected to un-consented physical contact, excessive use of force, unjustified and unlawful force, abuse of process, violation of his rights under the state and federal constitutions, and infliction of emotional distress. Said conduct by Defendants was the result of the negligence by Defendant, UNITED STATES OF AMERICA.

14. Defendants, ALBERT ESPINOZA and NATHAN PARKER, violated Plaintiff, JESUS LOPEZ,' rights guaranteed under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizure of his person, including but not limited to, his rights to be free from the use of unreasonable and

excessive force used in an attempt to investigate, stop and detain him for a non-violent crime and to have law enforcement officers or agents to protect him from unreasonable and/or excessive force by agents and employees of the United States Government.

15. In addition, Defendants violated Plaintiff, JESUS LOPEZ,' rights guaranteed under the Fifth Amendment to the Constitution of the United States to be free from being deprived of life or liberty without due process of law, including but not limited to the right not to suffer physical harm from persons acting under color of law that is intentionally or wantonly inflicted or which is accomplished with deliberate, reckless or callous indifference to his constitutional rights.

16. As a further proximate result, Plaintiff, JESUS LOPEZ, sustained personal injury, physical and mental and emotional anguish, pain and suffering, loss of earnings (past and future) and impairment to his future earning capacity.

## FIRST CAUSE OF ACTION

Negligence

(As to Defendant USA, ALBERT ESPINOZA and NATHAN PARKER)

17. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 16, herein above, as though set forth herein in full.

18. At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, was, and is a sovereign governmental entity which has been engaged

Plaintiff, Jesus Lopez,' Complaint for Personal Injuries and Demand for Jury Trial

in, among other things, controlling access into its sovereign territory, and preventing entry of undocumented persons and illegal or controlled substances. Defendant, UNITED STATES OF AMERICA, performs these activities by and through its agencies, the United States Bureau of Customs and Border Protection, the United States Border Patrol and/or the Immigration and Customs Enforcement Service. In so doing, Defendant, by and through its agents and/or employees, had a duty to avoid subjecting persons, such as Plaintiff, JESUS LOPEZ, to unreasonable risks of harm.

19. Further, at all times herein mentioned, Defendant owed a duty of care to Plaintiff, JESUS LOPEZ, to protect him against foreseeable injurious conduct, including that of their agents and/or employees, and to ensure that Defendant's employees in such a situation as described herein, would take adequate precautions for Plaintiff's safety and protect him from unreasonable and excessive use of force by agents and employees of the United States government used in an attempt to investigate, stop and detain for a non-violent crime and not subject him to unreasonable risks of harm.

20. Defendant, through its agents and/or employees, breached their duty of care when the Defendants, ALBERT ESPINOZA and NATHAN PARKER, negligently and carelessly used unreasonable, excessive and unlawful force in assisting other local officers during their investigation, stop and detention of the

Plaintiff, JESUS LOPEZ, for a non-violent crime. Defendants committed the acts and omissions alleged herein notwithstanding the fact that Plaintiff was standing outside his vehicle in compliance to the Officers' command, was defenseless, was offering no threat, had no weapon of any kind, and posed no threat of harm to the Defendants, or anyone else. The Defendants' actions proximately caused the injuries and damages to Plaintiff as herein alleged.

21. At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had actual and/or constructive knowledge and knew, or in the exercise of reasonable care should have known, that Defendants, ALBERT ESPINOZA and NATHAN PARKER, were predisposed to, intended to and foreseeably would, and in fact did, become involved in the use of unreasonable, excessive and unlawful force in assisting other local officers during the investigation, stop and detention of Plaintiff for a non-violent crime in violation of California ordinances, statutes, case law, departmental policies and procedures, relating to the proper use of reasonable force in effectuating an attempted investigation, stop, detention and/or arrest.

22. As the direct and proximate result of said breach of duty of care by the agents and/or employees of Defendants, and each of them, said Defendant permitted, ratified, condoned and allowed the negligent and careless use of unreasonable, excessive and unlawful force by agents and/or employees of Defendant, UNITED STATES OF AMERICA.

**Plaintiff, Jesus Lopez,' Complaint for Personal Injuries and Demand for Jury Trial**

23. If Defendant, UNITED STATES OF AMERICA, and its agents and employees set forth herein were private persons, they would be liable to Plaintiff in accordance with the laws of the State of California.

## SECOND CAUSE OF ACTION

Wrongful Conduct

(As to Defendant UNITED STATES OF AMERICA)

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23, herein above, as though set forth herein in full.

25. Pursuant to 28 U.S.C. Sec. 1346(b), Defendant, UNITED STATES OF AMERICA, is liable "for injury or loss of property, or personal injury or death caused by the negligent or <u>wrongful act</u> or omission" of any government employee acting within the scope of his office and/or employment. (Emphasis added.) Liability is imposed under circumstances where the government, if a private person, would be liable.

26. The conduct and actions of Defendants, ALBERT ESPINOZA and NATHAN PARKER, was wrongful in that they used and abused their authority in intentionally and deliberately using unreasonable, excessive and unlawful force in assisting other officers attempting to investigate, stop and detain the Plaintiff, JESUS LOPEZ, for a non-violent crime while he was standing outside his vehicle in compliance with the Officers' command. Plaintiff was defenseless, offered no

threat, had no weapon of any kind, and had not nor was threatening the Defendants with harm or otherwise, when Defendants, ALBERT ESPINOZA and NATHAN PARKER, assaulted and battered the Plaintiff when they severely beat him, causing the Plaintiff's injuries and damages as herein alleged. The Defendants' conduct was committed within the course and scope of their agency and/or employment with Defendant, UNITED STATES OF AMERICA. As their employer, the Defendant, UNITED STATES OF AMERICA, is liable.

27. If the Defendant, UNITED STATES OF AMERICA, was a private person, it would be liable to the Plaintiff in accordance with the laws of the State of California.

### THIRD CAUSE OF ACTION

Civil Assault and Battery

(As to Defendant USA, ALBERT ESPINOZA and NATHAN PARKER)

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27, herein above, as though set forth herein in full.

29. Plaintiff is informed and believes and thereon alleges that Defendants, intentionally assaulted and battered the Plaintiff, JESUS LOPEZ, in an attempt to detain him, creating an apprehension of imminent bodily harm, thereby inflicting physical injury.

**Plaintiff, Jesus Lopez,' Complaint for Personal Injuries and Demand for Jury Trial**

30. Plaintiff further alleges that Defendants' conduct in severely beating the Plaintiff, directly and proximately caused him injury, including pain and suffering, and the damages as herein alleged in an amount according to proof at the time of trial.

31. At no time did the Plaintiff consent to the conduct of Defendants as alleged herein.

32. If Defendant, UNITED STATES OF AMERICA, and its agents and/or employees set forth herein were private persons, they would be liable to Plaintiff in accordance with the laws of the State of California.

## FOURTH CAUSE OF ACTION

Violation of Plaintiff's Fourth Amendment Rights

(As to Defendants ALBERT ESPINOZA and NATHAN PARKER ONLY)

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32, herein above, as though set forth herein in full.

34. In acting as herein alleged, Defendants violated JESUS LOPEZ' rights guaranteed under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizure of his person, including but not limited to, his rights to be free from the use of unreasonable, excessive and unlawful force used in an attempt to investigate, stop and detain him for a non-violent crime and to have

law enforcement officers and/or agents protect him from unreasonable and/or excessive force by agents and/or employees of the United States Government.

35. As a proximate result of these circumstances, Plaintiff, JESUS LOPEZ, sustained severe injuries. As a further proximate result of these circumstances, Plaintiff has sustained the injuries and damages as herein alleged.

### FIFTH CAUSE OF ACTION

Violation of Plaintiff's Fifth Amendment Rights

(As to Defendants ALBERT ESPINOZA and NATHAN PARKER ONLY)

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35, herein above, as though set forth herein in full.

37. In doing the acts alleged, the Defendants violated Plaintiff, JESUS LOPEZ,' rights guaranteed under the Fifth Amendment to the Constitution of the United States to not be deprived of life and liberty without due process of law, including but not limited to the right not to suffer physical and mental harm from Federal Agents that was intentionally or wantonly inflicted or which was accomplished with deliberate, reckless or callous indifference to his constitutional rights.

////

////

## SIXTH CAUSE OF ACTION

Violation of Plaintiff's Eighth Amendment Rights

(As to Defendants ALBERT ESPINOZA and NATHAN PARKER ONLY)

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37, herein above, as though set forth herein in full.

39. In doing the acts alleged, the Defendants violated Plaintiff, JESUS LOPEZ,' rights guaranteed under the Eighth Amendment to the Constitution of the United States to not be subjected to cruel, unusual and excessive punishment for whatever violations Mr. LOPEZ may have been detained for, including but not limited to the right not to suffer physical and mental harm from Federal Agents that was intentionally or wantonly inflicted or which was accomplished with deliberate, reckless or callous indifference to his constitutional rights.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

### AS TO ALL DEFENDANTS

1. For general damages incident to the personal injuries sustained by Plaintiff, JESUS LOPEZ, in an amount according to proof at the time of trial;

2. For special damages, medical expenses, lost wages and loss of earning capacity in an amount according to proof at the time of trial;

3. For costs and expenses of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LAW OFFICES OF ROBERT A. ESPINOSA

Dated: April 18, 2014          By: _____
ROBERT A. ESPINOSA, ESQ.,
Attorneys for Plaintiff,
JESUS LOPEZ

LAW OFFICE OF HORACIO BARRAZA

Dated: April 18, 2014          By: _____
HORACIO BARAZA, ESQ.,
Attorneys for Plaintiff,
JESUS LOPEZ

## DEMAND FOR JURY TRIAL

Plaintiff, JESUS LOPEZ, demands trial by jury as to the Defendants, ALBERT ESPINOZA and NATHAN PARKER , pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and its progeny.

                                    Respectfully submitted,

                                    LAW OFFICES OF ROBERT A. ESPINOSA

Dated: April 18, 2014      By: _____
                                    ROBERT A. ESPINOSA, ESQ.,
                                    Attorneys for Plaintiff,
                                    JESUS LOPEZ

                                    LAW OFFICES OF HORACIO BARRAZA

Dated: April 18, 2014      By: _____
                                    HORACIO BARAZA, ESQ.,
                                    Attorneys for Plaintiff,
                                    JESUS LOPEZ

**Plaintiff, Jesus Lopez,' Complaint for Personal Injuries and Demand for Jury Trial**